## CHARLESTON.

M. E. HERSMAN v. COUNTY COURT OF ROANE COUNTY.

Submitted March 23, 1920.   Decided March 30, 1920.

1. HIGHWAYS—*Liability for Injury not Defeated by Showing That Plaintiff's Automobile Was Not Licensed.*

    That plaintiff was operating his automobile on the public highway without having obtained a license to do so, as required by section 130, ch. 43, Code 1918, is no defence to an action for damages against the county for allowing the highway to become and remain obstructed with a massive road presser machine with which plaintiff's automobile collided in the night time, thereby injuring it and himself.   (p. 97).

2. SAME—*Contributory Negligence Held for Jury.*

    Where plaintiff's alleged contributory negligence is a mixed question of law and fact, depending upon facts concerning the force of which to prove negligence, reasonable minds may differ, the question of negligence is one for jury determination upon proper instructions by the court.   (p. 102).

Error to Circuit Court, Roane County.

Action by M. E. Hersman against the County Court of Roane County.   Verdict and judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

· *Thos. P. Ryan,* and *Chas. E. Hogg,* for plaintiff in error.

*H. C. Ferguson,* for defendant in error.

WILLIAMS, PRESIDENT:

Plaintiff, M. E. Hersman, brought this action against the County Court of Roane County to recover damages for a per-

sonal injury and injury to his automobile caused by colliding with a heavy road presser alleged to have been negligently left standing in the public road. The trial resulted in a verdict and judgment for the defendant and plaintiff brings the case here on writ of error.

About 9 o'clock on the evening of June 29, 1917, plaintiff and the chauffeur, in company with three young ladies, were driving on the public road leading south from the town of Spencer and collided with the presser, which had been left standing on the paved surface of the road and within about two inches of the edge thereof to plaintiff's right. The road presser was about six feet in width, ten feet in height and weighed about ten tons. The road was paved and had been traveled by the public for several months prior to the accident. The chief defense relied on is plaintiff's alleged contributory negligence. The road, at the point of the accident, is 16 feet wide, leaving a clear space of ten feet to the left of the presser over which plaintiff could have driven and thus have avoided the collision. The testimony of plaintiff's witnesses proves that the chauffeur was competent and experienced; that he was driving carefully at the time, at a speed variously estimated by the different witnesses at from 6 to 15 miles per hour; that he had his lights on full until he saw two or three automobiles approaching him from the opposite direction; that on approaching the one nearest to him he dimmed his light, according to the custom when passing other automobiles, because a glaring light in the face of the driver blinds him and renders it more difficult to estimate distances correctly than by the use of a dimmer light; that, seeing another car coming toward him, after he passed the first one, he continued to use his dimmer for a distance of about 200 feet farther, and at the end of this distance ran against the road presser, and just as he struck it the automobile that was approaching passed him. It is proven that the dimmer cast a light enabling the driver to see only about fourteen feet. Neither plaintiff nor the chauffeur knew the presser was in the road near the point where they collided with it. It had been moved to that place on the evening of the accident.          ,

The automobile was a new one and carried no license tag, nor had a license to operate it been applied for as required by secs.

130, 131 and 141 of ch. 43, Code 1918, and on defendant's request the court gave the jury the following instruction, which is the principal error assigned:

"The court instructs you that although you may believe that the defendant caused, permitted, or allowed the road presser or roller described in the evidence to be in a public road in· this county, and that plaintiff was riding in an automobile and sustained injury by the same being accidentally driven against said road presser or roller, and that the same was without lights or signals thereon, and that the plaintiff and the driver of said automobile had no warning of the presence of said presser or roller, yet if you believe said automobile was at the time owned by J. P. Price and that said J. P. Price had neither applied for nor received any license to operate said automobile, then you shall find for the defendant, unless you further believe that the defendant caused, permitted or allowed said road presser or roller to be in said road with the intention or design that it might thereby cause injury to some person or his property, or was placed there under such circumstances as to show such intention or design. In other words, before plaintiff can recover, if you believe he was riding in an unlicensed automobile, you must believe that he was injured by reason of some unlawfully reckless or wanton act of the defendant.

"And you are further instructed that if you believe from the evidence that the person who had said road presser or roller in his immediate charge placed the same in the public road for the purpose of more conveniently using or operating the same, and without any design or intention of causing injury to another or his property, and that said presser or roller was not, at the time of the accident, being operated by any one, then you cannot find that the defendant was guilty of doing a .reckless or wanton injury."

This instruction is erroneous and should not have been given. It is almost uniformly held by the courts of this country that a person is not precluded from recovering damages ·for an injury caused by the negligence of another, even though he is himself, at the time of the injury, doing some unlawful act, unless such unlawful act has some causal connection with or contributes in

some way to the injury. Plaintiff's failure to have his car registered and a license to operate it has no apparent connection with, or relation to his injury. It is in no sense a contributing cause thereto. 1 Shearman and Redfield on Negligence (6th ed.) sec. 104. The author there states the law to be as follows: "If the plaintiff is acting in violation of a statute or ordinance at the time of the accident, and such violation proximately contributes to his injury, he is guilty of contributory fault, and is as much debarred from recovery as in other cases of contributory negligence. But if such violation did not so contribute to the injury it is no defense." Cooley on Torts (rd ed.) Vol. 1, p. 273 says, "The fact that a party injured was at that time violating the law, does not put him out of protection of the law; he is never put by the law at the mercy of others. If he is negligently injured in the highway, he may have redress, notwithstanding at the time he was on the wrong side of the way, provided this fact did not contribute to the injury. So where one is injured by reason of a defect in the highway, it is no defense that he was at the time driving at an unlawful speed, provided the latter fact did not contribute to the injury." The doctrine laid down by these text writers is upheld by the great weight of the decisions. *Southern Ry. Co. v. Vaughan's Admr.,* 118 Va. 692, Ann. Cases 1918 D, and cases collated in note at page 847. *Lockridge v. Ry. Co.,* 161 Ia. 75; *Black v. Moree,* 135 Tenn. 73; *Sent. Ind. Ry. Co. v. Wishard,* (Ind. App.) 104 N. E. 593; *Brown v. Green & Flinn,* (Del.) 100 Atl. 475; *Dervin v. Frenier,* (Vt.) 100 Atl. 760; *Bir. Ry. Light & Power Co. v. Aetna Accident and Liability Co.,* 184 Ala. 601; *Mohney v. Cook,* 26 Penn. St. 342; 67 Am. Dec. 419.

The converse of this rule is likewise true, that the mere failure of the driver of an automobile to have procured the statutory license at the time his machine injured another on the highway will not render him liable for the injury, unless such failure had some causal relation to the injury. *Lindsay v. Cecchi,* (Del.) 80 Atl. 523; 35 L. R. A. (N. S.) 699 and numerous cases collected in the note.

Somewhat analogous to the question here presented is the right of a stock or other broker, buying or selling stock or other property for a commission, to recover on a contract when it ap-

pears that he has not procured the license required by our stat-
ute to engage in that business.  The statute imposes a penalty
for engaging in the business without a license.  But we have
held that the failure to procure a license does not avoid the con-
tract, nor preclude the broker from recovering for services per-
formed.  *Ober* v. *Stephens,* 54 W. Va. 354.  This case has been
followed in later decisions.  *Cobb* v. *Dunlevie,* 63 W. Va. 398;
and *Linton* v. *Johnson,* 81 W. Va. 569.  These cases hold that
the penalty fixed by the statute for failure to comply with the
license law is all the penalty to which the violator is exposed.

The Supreme Court of Massachusetts makes a distinction be-
tween the case of an individual who has failed to comply with
the law by procuring an individual license to operate automo-
biles and the case of a person who has failed to register his
car and pay the license required to operate it on the public high-
ways, and, in the former case, holds that the absence of a chauf-
feur's license is only a circumstance tending to prove negligence,
and in the latter that the presence of the automobile upon the
public highway, without being registered, is an unlawful act in-
separable from the movement of the automobile, "and that in
such movement the automobile is an outlaw."  *Bourne* v. *Whit-
man,* 209 Mass. 155; Berry on Automobiles (2d ed.) sec. 195.

It is not denied that the road presser had no light upon it to
warn travellers, and that it was an obstruction of the highway,
rendering it out of repair within the meaning of section 154, ch.
43, Code 1918, there can be no question.  That the county
court is liable in such case, in the event of injury to any one who
is without fault on his part, is well settled by our decisions.
*Arthur* v. *City of Charleston,* 51 W. Va. 133; *Stanton* v. *City of
Parkersburg,* 66 W. Va. 393.  The negligence rendering defend-
ant liable consisted in failing to keep signal lights upon the road
presser at night.  The fact that the road bed was smooth at this
point rendered the huge steam presser even more dangerous
than if it had been located on rough road, because in travelling
by automobile people invariably drive faster over smooth, than
over rough road, and in passing other automobiles a driver
might find it necessary to lower or extinguish his lights at the
moment he would be approaching the danger, and thus not be
able to discover it in time to avoid the injury.

Counsel for defendant insist, however, that plaintiff was not prejudiced by this instruction for the reason that the evidence so clearly establishes his contributory negligence, as a matter of law, that he cannot recover. We cannot accede to this view. Whether plaintiff was guilty of negligence which contributed to his injury, under the circumstances disclosed by the evidence, is a mixed question of law and fact, and therefore for the jury to determine. Plaintiff's evidence tends to show that the chauffeur was not running at a dangerous rate of speed, that he failed to see the presser because his lights were dimmed at the time and that he dimmed his lights because he was meeting another automobile. It cannot be said, as a matter of law, that seeing another automobile approaching, it was negligence to drive the automobile with the dimmers on for 200 feet, that being the distance from where he passed the last automobile before colliding with the presser.

Defendant's instructions 1 and 2 are also erroneous, number 1 because it emphasizes the fact that plaintiff was using the road for a pleasure ride. Such use of it was not unlawful and does not affect his right of action. It is erroneous for the further reason that it, in effect, places the burden upon plaintiff to prove he and his chauffeur were not negligent. This is not the rule in this state. Contributory negligence is a defense and defendant bears the burden of proving it, although it may appear, and sometimes does appear from plaintiff's evidence, and when it does so appear the defendant can take advantage of it. It also improperly tells the jury they could consider the fact that the road was being repaired and that machinery and tools were permitted to remain in and along the road, near the point of the accident, in determining whether or not plaintiff was negligent in not seeing the steam presser, whereas it is shown that plaintiff knew the road was being repaired at a point, he says, nearly a quarter of a mile beyond where he collided with the presser. Evan McKown, the man who operated the steam road presser, testified that he brought it to the point where it was when plaintiff ran into it, from the quarry about a quarter of a mile beyond, on that same evening, and this testimony is not denied. There is no evidence to show that plaintiff had any reason to suspect any danger at the point where the machine stood. Its presence

in the road was the only thing which could have given him any warning of the danger, and his negligence, if any, consisted in his failure to observe it in time to avoid the collision. But he explains why he did not see it, and we have said already that his failure to see it, under the circumstances disclosed, was not necessarily negligence, and it was for the jury to say whether or not he was negligent in running his car, with his dimmer lights on, over what appeared to him to be a smooth piece of unobstructed, paved road.

Number 2 is bad because it told the jury it was plaintiff's duty to have his automobile sufficiently lighted "to enable him at all times to see any obstruction on the public highway, and to run the same at such a rate of speed that he can stop it or otherwise avoid collision with any such obstruction." This would relieve county courts from liability for injury to the driver or occupants of automobiles on the public highway, occasioned by almost any kind of obstruction, which is certainly not the law. The proximate cause of plaintiff's injury was defendant's negligence in failing to maintain a warning light upon the steam presser in the night time. But if plaintiff was also guilty of negligence, which contributed to his injury, he cannot recover, even though defendant was guilty of negligence, and whether he was negligent depends upon the degree of care and caution he used for his own safety. If he used such caution and care as a reasonably prudent man would have used under the circumstances he was not negligent, but the jury must decide this question.

We reverse the judgment and remand the case for a new trial.

*Reversed and remanded.*