# CHARLESTON.

NICK KRUTILI, *An Inf. v.* BOARD OF EDUCATION, BUTLER DISTRICT.

(C. C. 366)

Submitted September 8, 1925.   Decided September 15, 1925.

1.   SCHOOLS AND SCHOOL DISTRICTS—*School Districts and Independent School Districts Are Part of Educational System of State; School Districts and Independent School Districts Are Corporations of Limited Powers Organized for Public Purpose; Duties of Board of Education in Keeping in Repair Furniture, Fixtures, and Apparatus Used for Educational Purposes in Schools Are Governmental Only.*

School districts and independent school districts, under the statute, are made a part of the educational system of the state. They are corporations of limited powers, organized for public purposes, and the duties of boards of education, in respect to keeping in repair the furniture, fixtures, and apparatus used for educational purposes in the schools entrusted to their management, are governmental only. (p. 470.)

2.   SAME—*School Districts and Independent School Districts Are Not Liable to Individuals, in Absence of Statute, for Mere*

*Neglect or Nonfeasance or Failure to Keep Equipment of Schools in Repair.*

Such corporations are not liable to individuals, in the absence of a statute making them so, for mere neglect or nonfeasance in failing to keep such equipment of such schools in repair. Section 50 of chapter 45, Code, making it the duty of boards of education to keep such equipment in good repair, and section 46 of the same chapter, authorizing them to sue and be sued in their corporate name, has not changed this rule.    (p. 471.)

Case certified from Circuit Court, Hancock County.

Action by Nick Krutili by William Krutili, his next friend, against the Board of Education of Butler District. After sustaining defendant's demurrer to plaintiff's declaration, the trial court certified its ruling.

*Affirmed.*

*Ramsay & Wilkin,* for plaintiff.
*Jay B. Levy,* for defendant.

WOODS, JUDGE:

Nick Krutili, an infant, under the age of twenty-one years, by William Krutili, his next friend, sues in the circuit court of Hancock county, the Board of Education of Butler District, in said county, in trespass on the case, for damages sustained by him while he was attending and a pupil in the high school of said district situate in the town of Wierton, over which said board had charge and control, which injuries were alleged to have been caused by the negligence of the defendant. The declaration substantially states that the defendant is a body politic and corporate under the laws of the State of West Virginia, and as such has general control and supervision of the public schools and their property in said Butler District, and that it was its duty to keep this property in such condition as to be safe for the children attending the school as pupils thereof; that in maintaining said Wierton High School the said defendant used a certain planing machine for the purpose of planing and smoothing boards, · in connection with its manual training department of said school; that while plaintiff was performing his duties as a

99 W. Va.

student in said school, and while engaged in the work and labor in the manual training department of said school, as he was required so to do as such pupil, that the defendant did negligently furnish the plaintiff a machine known as a "planer" which had a dangerous knife or knives that were not protected by a mantle or a guard; that by reason whereof the said plaintiff while planing a board under the direction and instruction of the principal of said school, and without fault on the part of said plaintiff, but because of the improper and insecure condition of said machine the said plaintiff's left hand was caught and thrown against the knife or knives of said machine, by reason whereof his left hand was cut and lacerated and certain of his fingers cut off. And for this alleged negligence in causing said injury the plaintiff brings his suit. The defendant demurred to this declaration, which demurrer was sustained. On joint application of the parties this ruling was certified to this court. But one point of law was made on the demurrer: That the defendant in maintaining its manual training department was in the exercise of a governmental function and an agent of the State, and as such is not liable to the things complained of in the declaration.

The general rule in this country is that a school district, municipal corporation, or school board is not, in the absence of a statute imposing it, subject to liability· for injuries to pupils of public schools suffered in connection with their attendance thereat, since such district, corporation, or board in maintaining schools, acts as an agent for the state, and performs a purely public or governmental duty, imposed upon it by law for the benefit of the public, and for the performance of which it receives no profit or advantage. *Bigelow* v. *Randolph,* 14 Gray 541; *Hill* v. *Boston,* 122 Mass. 344; *Lane* v. *Woodbury,* 58 Iowa 462; *Ernst* v. *West Covington,* 116 Ky. 850; *Weddle* v. *School Commissioners,* 94 Md. 334; *Daniels* v. *Board of Education,* 191 Mich. 339; *Bank* v. *School District,* 49 Minn. 106; *Harris* v. *Salem School District,* 72 N. H. 424; *Finch* v. *Board of Education,* 30 Ohio St. 37; *School*

*District* v. *Fuess*, 98 Pa. 600; *Wixon* v. *Newport*, 13 R. I. 454; *Juul* v. *School District*, 168 Wis. 111.

As a case involving the liability of school authorities in their official capacity for injuries to pupils, it is a case of first impression in this state. However, we have the guidance of cases wherein principles were announced that makes our course plain here. The rule announced respecting the non-liability of school districts to individuals for injuries brought about in the performance of governmental functions applies to other municipalities such as cities and towns as well. The exemption of the government from liability is based on the theory of sovereignty. The acts of the government were those of the king. In our state instead of the king being the sovereign, the powers of government reside in all the citizens of the state. The idea was also that certain things worked for the good of the many, and the welfare of the few must be sacrificed in the public interest. The decisions in this state deal with the liabilities of cities and towns. In *Brown's Admr.* v. *Town of Guyandotte*, 34 W. Va. 299, the town was sought to be held liable in damages for the death of a prisoner incarcerated in the municipal jail, by reason of a fire caused by the negligence of the officers and employees of the city. The court held: "As to the powers and functions of a town of a public governmental character, it is not liable for damages caused by the wrongful act or negligence of its officers or agents therein." The rule stated by Dillon on Municipal Corporations, Section 966, was quoted approvingly by Judge BRANNON in his opinion: "These municipal corporations, unlike private ones, are organized, not for gain, but for the public weal, as important instrumentalities in government, and they are supported by the taxation of their people, and should not be made liable for the acts of their officers, done in the performance of purely governmental powers for the benefit of the public, and not for their private benefit; for otherwise it would be impossible to say where their liabilities would end, or how onerous would be the burden laid upon those who sustain their existence. It seems to be well settled that they are not liable by implication for such acts

done in their public capacity, as governing agencies, in the discharge of duties for the public or general***benefit.'' This case was approved and followed by this court in *Ritz* v. *City of Wheeling,* 45 W. Va. 262. There the court expressly stated that cities were not liable in such cases ''unless some statute, either directly or by implication, gives a private remedy''. In *Shaw* v. *City of Charleston,* 57 W. Va. 433, this court gave sanction to the general principles of law announced in *Brown* v. *Town of Guyandotte, supra.,* and in consonance therewith held that a municipal corporation is not liable for injuries to a person occasioned by the unsanitary condition of its prison, while he was confined therein for a violation of a city ordinance. The maintenance of a prison was held there to be an exercise of a purely governmental power of the municipality. That boards of education are subject to the rules governing municipalities in general is patent. Hence this court in holding that a municipality, unless there be a statute imposing the liability, is not liable for damages caused by its negligence in the exercise of a purely governmental function, gives its sanction to the rule announced herein at the outset by the courts generally of the land, in respect to boards of education as well. But to come within the stated rule, these duties must be governmental in character. Can they be held to be so under our law? School districts in this state are a part of the educational system of the state, established in compliance with Article 12, Section 1, of our Constitution, which makes it the duty of the Legislature ''to provide, by general law, for a thorough and efficient system of free schools''. They are involuntary corporations, organized not for the purpose of profit or gain, but solely for the public benefit, and have only such limited powers as were deemed necessary for that purpose. Such corporations are but the agents of the State, for the sole purpose of administering the state system of public education. It is the duty of the boards of education of a district to take charge of the educational affairs of their respective localities, and among other things to build and keep in repair the public school buildings and the furniture used for school purposes therein. In performing the duties required of them it is observed they exercise merely a public

function and agency for the public good for which they receive no private or corporate benefit. The latest expression of this court is in *Warden* v. *City of Grafton,* 99 W. Va. 249, 128 S. E. 375, and is in harmony with the courts elsewhere. In that case Judge MILLER said: ''Almost universally the police, *school,* health and fire departments are classed as governmental.'' In 1919 the Legislature of our state enacted a comprehensive law concerning education. Code, Chap. 45. We find nothing in this act enlarging the powers of boards of education beyond that of a purely governmental agency created and restricted in its authority exclusively to the public purpose of education universally recognized as a distinctive governmental function.

Is there any statute in our state imposing liability on boards of education that will take them without the rule herein announced? It is admitted that at common law, a municipal corporation is not liable for damages caused by its negligence in the exercise of purely governmental functions. *Folk* v. *City of Milwaukee,* 108 Wis. 359; *Hill* v. *Boston, supra.* Our Constitution made such parts of the common law and of the laws of this state as were in force when it went into operation, and were not repugnant thereto, the law of the state until altered and repealed by the Legislature. Article 8, Section 21. There was no statute at the time of the adoption of the Constitution in our laws imposing the aforesaid liability on quasi municipal corporations—such as school boards; nor has there been any specific expression of the Legislature to this effect since that time. Hence the common law rule obtains by constitutional fiat. Counsel for plaintiff cites Chapter 45, section 50 of the Code, as imposing such liability by implication. This section reads: ''Said board shall also provide such furniture, fixtures and apparatus for said school houses and other buildings as may be necessary for the effectiveness of the schools and for the convenience, health and cleanliness of the pupils thereof, including fuel and other necessary supplies, and shall cause the school grounds, school houses, and the furniture, fixtures and apparatus therein to be kept in good order and repair.'' It is true that it may be argued that when this machinery

is placed in the school buildings the statutes make the keeping of the machinery in repair mandatory, and does not leave this to the discretion of the board. Yet, in a sense, this statute is merely declaratory. There is a general duty, **re**gardless of statute, on all boards of education to keep their property in reasonably good repair. Section 125, chapter 45, Code, makes any school officer who neglects or refuses to perform any duty or duties imposed by the act upon him, liable criminally. We can find no instance, where the mere imposition of such duty is held to render a public corporation liable to suit. The only two exceptions to this rule recognized in Ruling Case Law, 24 R. C. L. 604, are where an express authority to sue is given by statute, or where such authority is given by implication, as, for instance, where a board is permitted to make appropriations to take care of such contingencies. No such provision has been made in our law to support the second exception to the rule. In fact, a cogent ground for non-liability is that boards of education and such educational agencies have no means to pay damages for such claims, are given no power to raise money therefor, and all funds placed under their control are appropriated by the law to strictly school purposes and cannot be ·diverted by them. *Ernst* v. *West Covington, supra; Weddle* v. *School Commissioners, supra; Finch* v. *Board of Education, supra;* Barnes Code, Chapter 45.

The demurree further contends that the board's liability is shown by the statute, chapter 45, section 46, where the defendant is declared to be a body politic and corporate, ''and as such may sue and be sued, plead and be impleaded, contract and be contracted with''. Now, it is well settled, both on principle and authority, that at the common law no action could be maintained against a quasi corporation. Hence, if the defendant is to be held liable in this case, it must be under the statute. Such an express statute as we have shown has never been enacted in our commonwealth. It is obvious, we think, that the Legislature intended by the use of the language ''may sue and be sued'' merely to restrict the liability of the boards of education to such suits in respect to matters

within the scope of their duties and to such things as the boards are empowered to do under the law. We find nothing in our statute that will permit the adoption of a different conclusion.

Three cases are cited by demurree to show a right of action. One of these, *Howard* v. *Tacoma School District,* 88 Wash. 167, Anno. Cases, 1917-D, 798, was from the state of Washington, where the Legislature has enacted an express statute authorizing suits of this nature. The other two were from New York and Ohio, respectively, and are so variant with the principles settled by practically every court in the country as to make them of little or no weight. See *Fowler* v. *City of Cleveland,* 100 Ohio St. 158; and *Herman* v. *Board of Education,* 234 N. Y. 196. In the former case there was a very strong dissenting opinion.

The decision of the learned chancellor in sustaining the demurrer in this case is. fully supported by the authorities and decisions not only of this state but of the other states of the Union. There is, in fact, a remarkable unanimity on the subject. A change of policy, if advisable, must be brought about by express declaration of the legislative will, rather than by judicial legislation. The ruling of the circuit court must be affirmed.

*Affirmed.*