# CHARLESTON.

WILLIAM A. CARDER, *Admr., etc.* v. CITY OF CLARKSBURG.

(C. C. No. 370)

Submitted January 13, 1926.   Decided January 19, 1926.

1. MUNICIPAL CORPORATIONS—*City Not Liable for Negligence of Agents Performing Governmental Function.*

    A city is not liable for the negligence of its servants and agents when through them it is performing a function purely governmental for the benefit of the public. (p. 607).

    (Municipal Corporations, 28 Cyc. p. 1257.)

2. SAME—*Declaration for Death of Child, Climbing on Parked Tractor Left Unlocked, Held Not to Warrant Recovery on Theory Street was out of Repair.*

A count in a declaration which charges that a city owning a tractor for use in performing a governmental function, parked the same without locking, fastening or guarding it, on one of its streets, on an incline, in a populous section of the city and on which street children were likely to be and had a right to be, and that plaintiff's intestate, a child of tender years, climbed upon the tractor which then ran backwards down the incline throwing the child off and under the tractor whereby he was killed, does not state a case for recovery against the city on the theory that the street was out of repair, as provided by the statute, Sec. 167, Chap. 43, Code 1923.   (p. 608).

(Municipal Corporations, 28 Cyc. p. 1264.)

3. SAME—*Street "Out of Repair," When Unsafe for Ordinary Lawful Use.*

A street is out of repair within the meaning of said statute when the city permits it to become unsafe for the ordinary and lawful use of the same by day or night.   (p. 610).

(Municipal Corporations, 28 Cyc. p. 1264.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Case Certified from Circuit Court, Harrison County.

Action by William A. Carder, administrator of a deceased child, against the City of Clarksburg. A demurrer to the declaration and to each count thereof was overruled, and the trial court certified its ruling, which was ordered to be docketed and the ruling reviewed, under Code, c. 135, § 1, as amended by Acts 1925, c. 28.

*Ruling reversed.*

*J. E. Law,* for plaintiff.
*Fred L. Shinn,* for defendant.

LIVELY, JUDGE:

The trial court overruled a demurrer to the declaration and to each count thereof and certified his ruling to this court, which certification was ordered to be docketed and the ruling reviewed, under the latter part of section 1 of chapter 135 of the Code, as amended by the Acts of 1925.

It appears from the declaration that the City of Clarksburg owned and operated a motor tractor used for work in the construction of its streets, and had left the tractor on Pride Avenue which, at the point of parking, was on an incline. Plaintiff's intestate, a child of four years, with other children was playing or passing by along Pride Avenue and plaintiff's intestate climbed upon the tractor which, the declaration charges, was unlocked, unfastened and unguarded, and that it then suddenly without notice or warning of departure started to run back down the incline in said street, throwing plaintiff's intestate to the ground and underneath the machine thereby killing him.

The first two counts base recovery upon the theory that the tractor so owned and operated and left negligently and carelessly upon the streets where the children were likely to be and had a right to be, was of such an attractive character as to invite and induce them in their childish curiosity to climb upon it; that it was a dangerous machine when left unlocked and unguarded; and that the negligence of the officers of defendant in thus leaving the dangerous machine, attractive to children, in a public place in a thickly-settled part of the city, without being locked and guarded, makes defendant liable for the injury.

The third count predicates liability of defendant on the theory that by reason of the tractor being so placed unlocked and unguarded constituted a defect in the street and that by reason thereof the street was out of repair and was dangerous to persons having a right to be on the street, and that the death of plaintiff's intestate was caused by reason of the defect in the street for which liability is imposed by the statute, section 167, chap. 43, Code 1923.

In this State we recognize liability and non-liability of a city for acts committed by it according to whether the act was done in its governmental or proprietary character. If the act be done in carrying out a governmental function the city is not liable; if done in exercising some power not strictly governmental but of a private or proprietary nature, the city is liable. *Brown's Administrator* v. *Guyandotte*, 34 W. Va. 299; *Douglass* v. *County Court*, 90 W. Va. 47; *Krutili* v.

*Board of Education,* 99 W. Va. 466; 129 S. E. 486; *Warden* v. *City of Grafton,* 99 W. Va. 249, 128 S. E. 375; and *Wigal* v. *City of Parkersburg,* 74 W. Va. 25. The difficulty in applying the doctrines of liability or non-liability is in determining whether the function performed was of a public or private nature. The decisions are conflicting and confusing. Illustrative of the conflict are the two cases of *Dodge* v. *Granger,* 17 R. I. 664, where plaintiff was injured by a ladder extending across the sidewalk from a fire-truck which had been negligently left in front of the fire station while the station was being cleaned, in which recovery was denied, and *Kies* v. *Erie,* 169 Pa. St. 598, where plaintiff was injured while using the sidewalk by a door of the fire station which was so constructed as to open out upon the sidewalk, and recovery was allowed. The justice of awarding compensation for injuries received by a person without fault always appeals to a court, and more especially to a jury, and may have contributed to the confusion in the decisions. ''Hard cases make poor law.'' While the theory of recovery where death ensues is the probable worth of intestate's estate had he lived, the amount is often insensibly influenced in the verdict by sympathy for the suffering and anguish of the bereaved. We often forget that money cannot assuage the indescribable anguish for the loss of our dear ones, and that time nor circumstance can never wholly heal the heart wound.

Was the negligent act of leaving the tractor unguarded and unlocked on Pride Avenue in a thickly populated part of the city done in pursuance of a governmental function or in the discharge of a proprietary act? The correct answer to this query will control the demurrer to the first two counts. These counts charge that the tractor was owned, used and designed to be used by the city for the purpose of hauling heavy loads and for work on roads and streets. The opening, grading and maintaining of roads and streets of a municipality are functions and duties purely governmental. In the discharge of that governmental function the city is not liable for the negligence of its servants and agents. *Brown's Admr.* v. *Guyandotte,* 34 W. Va. 299; *Bartlett* v. *Clarksburg,* 45 W. Va. 393; *Shaw* v. *Charleston,* 57 W. Va. 433; *Douglass* v.

*County Court,* 90 W. Va. 48; *Krutili* v. *Board of Education,* 99 W. Va. 466, 129 S. E. 486. Plaintiff contends, however, that the tractor was so constructed as to be attractive to children when in operation or parked, and that the city is responsible under the attractive nuisance doctrine, avoiding the effect of the repudiation of this court of the holding in the cases commonly known as the "Turntable Cases," by arguing that the street was a public one where children had the right to be, and plaintiff's intestate was not a trespasser. The fact that the tractor was used in a governmental work remains. The tractor had the right to be on the street, and to be parked there as other vehicles were parked. The declaration is silent as to how long it had been parked or on what part of the street, or how wide the street was at that particular point. The negligent act charged, namely, that it was left unguarded and unlocked, does not make the city responsible, provided always a governmental duty and power was being performed and exercised. Many recent cases hold that a city is not responsible for an attractive nuisance occasioned by it while in the performance of a purely governmental act. *Hibbard* v. *Wichita,* 98 Kan. 498, L. R. A. 1917 A. 399; *Frost* v. *City of Topeka,* 103 Kan. 197; *Von Almen's Admr.* v. *City of Louisville,* 180 Ky. 441; *Dehanitz* v. *City of St. Paul,* 73 Minn. 385. Is a tractor a nuisance? All cars whether in operation or at rest are attractive to children. Almost everything that a child has not seen or investigated is attractive to it, yet cars which have a right to be on the street cannot be held to be nuisances because of that fact. Thousands of automobiles, some of unique and unusual construction and appearance, are daily parked on the public streets. While attractive to even children of larger growth, they would scarcely be legally considered as public nuisances. In *Gay* v. *Railway Co.,* 159 Mass. 238, a boy ten years old climbed upon a car unlawfully standing in the street and was injured by a recoiling brake not properly fastened, and recovery was denied. The demurrer to the first two counts should have been sustained.

The third count predicates right of recovery on the theory that the street was out of repair, made so by the city when it

left' the tractor standing unlocked upon an incline on the public street. This count presents a question not without difficulty in its solution; for though it may be conceded that the tractor was to be used and was used in a purely governmental act, the statute has imposed liability upon municipalities for injuries received by any person by reason of a street being out of repair. Was the streeet out of repair? Did plaintiff's intestate receive his injuries by reason of a street unsafe for travel in the ordinary means by day or night?

In *Douglass* v. *County Court*, 90 W. Va. 47, before cited, we held that a road was not out of repair within the meaning of the statute where a motor truck belonging to the county court and used by it in performance of a governmental function was negligently and carelessly driven upon a traveler on the road causing fatal injury; and recovery on the theory that the road was out of repair was denied. Counsel seeks to distinguish that case from the case at bar because the truck was in active use, while the tractor in the present case was in passive use, parked and at rest. The distinction is not clearly perceived. Negligence is the basis on which these tort actions rest. In each case the negligence in the handling of the machinery is charged as constituting impairment of the street or road; one in running the truck on the road, the other in stopping and leaving the tractor on the street. Judge POFFENBARGER said in the *Douglass* case, "But we are unable to concur in the view that the mere negligence of a servant of a county court, in a single instance, upon its highway, amounts in law to an obstruction or a defect in the highway". We have said that the term "out of repair" used in the statute means that the road is unsafe for reasonable use in the ordinary modes for travel by day or night, and includes obstructions on the highway as well as defects therein, without regard to the manner in which or the persons by whom the obstructions were placed on the road. *Williams* v. *Main Island Creek Coal Co.*, 83 W. Va. 464; *Holsberrg* v. *City of Elkins,* 86 W. Va. 487; *Hersman* v. *County Court*, 86 W. Va. 96. It would be readily conceded that a tractor left by a municipality standing in a public street in such a condition as not to warn travelers or those lawfully thereon of its presence,

and injury was caused by colliding with it, the street would be out of repair within the meaning of the statute. An obstruction is an hindrance, obstacle, or barrier. Granting that the tractor was an obstruction on the street (although its exact location in the street, width of the street, &c. is not stated), it does not necessarily follow that the obstruction as such rendered the street out of repair for the ordinary and proper use thereof in the sense that the injury resulted therefrom. Thus in *Gaughan* v. *Philadelphia*, 119 Pa. St. 503, the sidewalk was obstructed by barrels being stacked thereon in violation of a positive ordinance of the city. A seven-year-old boy living near climbed upon the topmost barrel and in reaching for an awning post with the intention of sliding down it in play, the barrel toppled over, the boy fell and the barrel rolled on him causing his death. The court held that the immediate and direct cause was the fall from the awning post and was not due to the ordinary use of the sidewalk as a highway. Cases of like import are *Hamilton* v. *Detroit*, 105 Mich. 514; *Chicago* v. *Starr*, 42 Ill. 174. There are decisions which say that a municipality is not liable under a law or ordinance which requires it to keep its streets open and in repair and free from nuisances, where fire-works are indiscriminately set off in the streets, the city authorities tacitly consenting thereto, and persons are injured while lawfully passing along the street, *Robinson* v. *Greenville*, 42 Ohio St. 630; and where cannon had been fired by citizens at intervals in the street, resulting in injury to persons lawfully on the street, no liability was imposed on the municipality, *Borough of Norristown* v. *Fitzpatrick*, 94 Pa. St. 121; and where pedestrians on the street were injured by persons unlawfully using the streets for coasting, *Faulkner* v. *City of Aurora*, 85 Ind. 130; *City of Lafayette* v. *Timberlake*, 88 Ind. 330. The declaration in the instant case avers that the deceased climbed upon the tractor which began to move down the incline causing him to fall off and under the tractor. Under such an allegation we cannot see that the injury was received in the proper use of the street, even as a place for children to play, nor that the parking of the tractor as alleged

rendered the street out of repair within the meaning of the statute. The demurrer should have been sustained to the third count.

The declaration does not state a case for recovery, and we so answer the question certified.

*Ruling reversed.*