ROBERT L. BLAND, Judge.
This is a claim filed by Jess E. Miller, claimant, on the 10th day of June 1942, against the board of education of the county of Lewis, a corporation, for injuries sustained by him on the 7th day of October 1941, while he was regularly employed by said board and engaged as a laborer in work being done on the Junior high school (Weston Central School) building. In his petition claimant avers that previous to said 7th day of October 1941, he had been regularly employed by said board of education, receiving the sum of forty cents per hour for his services, his wages or earnings while so employed amounting to $4.00 per day; that on the date last aforesaid and while so employed, and acting under the direction and instruction of the superintendent of laborers, engaged in said work, he was, without fault on his part, injured by being struck by a large “jim pole” used in and about certain construction being done by said board of education on said school building, in the city of Weston, Lewis county, West Virginia. He alleges that while in the course of his employment said “jim pole” left its mooring or base, and fell, striking him, knocking him to the *206 ground, breaking his leg just below the knee joint, causing a compound fracture, and doing him other bodily injury from which he still suffers. He further alleges- th'át he was removed to the City hospital in the city of Weston, for treatment of his injuries, where he remained as a patient for three weeks, at which time he was allowed to return to his home, using crutches. He avers that from the date of his injury until April 28,1942, he was under care of physicians, and when discharged from the hospital he was informed that he could do light work only. He claims that on account of his injuries he has lost, in actual time, work that would have yielded him $708.00 in wages, and incurred hospital bills amounting to $133.00. Claimant says that said two sums totaling $841.00 do not include his mental suffering and physical pain caused by said injuries, nor take into consideration his head injury and suffering therefrom.
Claimant asks an award of $1000.00 which sum he avers “is wholly due him, is unpaid, and. is, as claimant is advised, a proper claim for damages against the board of education of Lewis county, a corporation, and as such is a state agency, and by reason of the statute a proper claim to be presented to the state court of claims for consideration and action.”
It is apparent that said claim is asserted and sought to be maintained against the state upon the theory that the board of education is a “state agency.” The statute creating the court of claims is limited specifically to claims “against the state or any of its agencies,” acts 1941, chapter 20, section 15, subsection 1. Such claims must be deemed to be claims against the state of West Virginia and the several departments of the state government, and not to those of local government.
The question raised by claimant’s petition, therefore, is whether personal injuries chargeable to the board of education of Lewis county is a claim “against the state or any of its agencies.”
As said by Judge Woods, in the opinion in Krutili v. Board of Education, 99 W. Va. 466, “School districts in this state are a *207 part of the educational system of the state, established in compliance of article 12, section 1 of our constitution, which makes it the duty of the Legislature ‘to provide, by general law, for a thorough and efficient system of free schools.’ They are involuntary corporations, organized not for the purpose of profit, or gain, but solely for the public benefit, and have only such limited powers as were deemed necessary for that purpose. Such corporations are but the agents of the state, for the sole purpose of administering the state system of public education.” Such a board is a quasi municipal corporation, “a public agency and an arm of the law,” but it is not a direct governmental agency.
Although a board of education is a unit or subdivision of the state and exorcises sovereinty as a branch of the state government, it seems clear that an act charged to a county board of education does not come within a claim against the state. The statute defines the words “stage agency” as meaning “a state department, board, commission, institution or other administrative agency of the state government.” Acts supra chapter 20, section 2, and among other matters extends the jurisdiction of the court of claims to those claims “against the state or any of its agencies which the state as a sovereign commonwealth should, in equity and good conscience discharge and pay.”. Acts supra, chapter 20, section 13, subsection 1.
The court act covers claims against the state as a sovereign entity only and not against the state and its several branches and subdivisions, except, of course, the state agencies specifically brought within the act and defined in section 2 thereof.
For the reasons herein set out wé are of opinion that the claim in question is not prima facia within the jurisdiction of the court of claims, and an order was accordingly so made, and the said claim dismissed.