## CIRCUIT COURT OF PAGE COUNTY

Alger, Administrator

v.

Brown et al.

June 2, 1978

Case No. (Law) 5180

By Judge Robert K. Woltz

This is my letter of opinion in this wrongful death action on the issue of governmental immunity presented by the defendant School Board's amended demurrer and motion for summary judgment.

Plaintiff's decedent was a nine-year-old pupil in the public schools of Page County. In Count I of the motion for judgment, plaintiff alleges that the defendant Brown negligently operated his motor vehicle on the highway so as to strike the decedent resulting in her death. In Count II plaintiff alleges negligence on the part of the School Board and its agents for failing to exercise care in the operation of school buses, properly to instruct drivers, to use safety patrolmen in routing of school buses and in designation of school bus stops, alleging that as a result of such negligence, the decedent was struck by the vehicle of defendant Brown resulting in her death.

In response to defendant School Board's request for admissions, plaintiff admits *inter alia* that no vehicle owned or operated by that defendant was in view of anyone present at the time and place where the accident occurred. In oral argument, it was represented that the school bus was not within view of the accident site, but plaintiff maintained that the school bus was approaching a pickup point at which the decedent would be boarding the bus, and that the School Board's negligence as charged is a liability on it under the statutorily required school bus insurance provided for in §§ 22–284 *et seq.*

Defendant School Board is a governmental agency of the State acting in a governmental capacity, and as such, is not liable for the results of its tortious negligence absent a statute waiving its immunity vis-a-vis that negligence. *Kellam v. School Board*, 202 Va. 252 (1960). Waiver of this immunity must be by express statute on the point and not by implication from general statutory language. *Elizabeth River Tunnel District v. Beecher*, 202 Va. 452 (1961); *Kellam supra*, at page 256.

In the above cited Code sections, there is an express statutory waiver of governmental immunity with respect to school boards to the extent provided therein. The question presented then is whether under the facts of this case the express statutory waiver of governmental immunity is effective against the defendant School Board, or whether such waiver does not extend so far and the defendant consequently remains secure under the protective umbrella of governmental immunity. In the Court's opinion, that protective immunity still pertains even after giving effect to the statutory waiver.

Very generally those statutes require that all school buses operated by school boards be covered by motor vehicle liability insurance in certain minimum amounts, covering injury or death to school pupils and certain others riding as passengers or not being passengers on the bus.

Section 22–290 provides that the school board operator of such a bus "shall be subject to action up to, but not beyond, the limits of valid and collectable insurance in force to cover the injury complained of and the defense of governmental immunity shall not be a bar to action or recovery . . . ." Section 22–289 specifies the sufficiency of proof required in any such action: "In case any school pupil . . . whether riding in the vehicle or not . . . suffers injury, including death, . . . through the ownership, maintenance, use or operation of the vehicle, it shall be sufficient, in an action for recovery upon the policy, to prove such facts and circumstances as are required to be shown in order to recover damages for death or injury . . . caused by the negligent operation of privately owned motor vehicles, in Virginia . . . ." These two sections draw the boundaries within which waiver of governmental immunity as to school boards is effective.

In order for the plaintiff to make recovery, she must under § 22–289 show the same causal connection between negligent operation of the school bus itself and the death as would have to be shown in the case

of the operation of a privately owned motor vehicle. While defendant School Board may have been negligent in establishing the pickup points for pupils along the school bus route, or in not having safety patrolmen at such stops, or in the routing of school buses or in instructions given to bus drivers and pupils with respect to crossing highways, such acts of negligence would be too remote and attenuated to establish proximate cause between actual operation of the bus and decedent's death. Analogous facts and circumstances would not warrant recovery for death "caused by the negligent operation of privately owned motor vehicles," and so recovery against defendant School Board in this case is not warranted.

The statutory standard of proof set up in § 22–289 cannot be met by plaintiff under her motion for judgment and admission. She cannot therefore establish waiver of governmental immunity as to this defendant. Without endeavoring to construe the words "ownership, maintenance, use or operation" as contained in that section, it is sufficient to say that the standard is death or injury caused by negligent *operation* as though the vehicle were privately owned.

The amended demurrer insofar as it is based on the principle of governmental immunity is sustained, and defendant's motion for summary judgment based on the same principle is likewise sustained.