## CIRCUIT COURT OF FAIRFAX COUNTY

Jeffrey Murphy

v.

Fairfax County School Board et al.

January 24, 1984

Case No. (Law) 61540

By JUDGE J. HOWE BROWN

This matter is before me on Defendants' Plea of Sovereign Immunity. A plea was not filed on behalf of Defendant James Clark, therefore I have made no determination as to him.

The facts, insofar as relevant to the decision herein, are taken from the Motion for Judgment. It is alleged that Plaintiff Jeffrey Murphy was a student at Robinson High School, a school operated by the Fairfax County School Board. The Defendants, with whose pleas we are dealing, are the Fairfax County School Board; Clifford C. Phillips, Director of the Office of Maintenance Services for, among others, Robinson High School; Robert Russell, Principal of the school; and William J. Burkholder, Superintendent of Schools. It is alleged that the Defendants improperly designed, constructed and maintained a stairway at the school so that they allowed to protrude from the wall a fastener on which Plaintiff caught a ring thereby ripping off his ring finger.

The Plaintiff argues that the decision on sovereign immunity is determined by the Virginia Tort Claims Act, Va. Code Section 8.01-195.1 (1983 Supp.), and that none of the Defendants is entitled to the plea. Defendants argue that the Act is not controlling because the Fairfax

County School Board is not a "state agency" as defined in the statute. This argument is without merit.

Section 8.01-195.2 defines "state agency" as "any department, institution, authority, instrumentality, board or other administrative agency of the government of the Commonwealth of Virginia." Prior to the enactment of the Tort Claims Act, the state and its governmental agencies, while acting in their governmental capacities, were immune from liability for tortious personal injury inflicted. *Kellam* v. *School Board*, 202 Va. 252, 254 (1960). School boards traditionally have been immune from suit for tortious personal injuries on the basis that the school board acts as a governmental agency or arm of the state. *Kellam*, 202 Va. at 254; *Crabbe* v. *School Board and Albrite*, 209 Va. 356, 347 (1968); *Short* v. *Griffiths*, 220 Va. 53, 54 (1979). The Supreme Court consistently held that, in the absence of a statute imposing liability, a school board was not liable for injuries sustained by reason of the negligence of the board, its servants or agents in the performance of their duties. *Crabbe*, 209 Va. at 358. It is clear that the immunity of school boards from suit for personal injuries was not derived from the sovereign immunity of counties in Virginia, but was based upon the independent status of the school board as a governmental agency or arm of the state. *Kellam*, 202 Va. at 254.

The School Board is a "state agency" as defined in Section 8.01-195.2, and its Plea of Sovereign Immunity is overruled.

The Virginia Tort Claims Act by its terms preserves the immunity previously allowed to employees of the state. "Notwithstanding any provision hereof, the individual immunity of. . . public officers, their agents and employees. . . is hereby preserved to the extent and degree that such persons presently are immunized." Va. Code Section 8.01-195.3. In order to determine the immunity of the remaining Defendants, it is necessary to review the pre-statute law. The Supreme Court traditionally made a distinction between employees of a local governmental agency created by the Commonwealth and the sovereign Commonwealth of Virginia and its employees. Employees of a local governmental agency did not enjoy governmental immunity and were held answerable for their own acts of simple negligence, as well as acts of gross negligence and intentional torts. *Short*, 220 Va. at 55. On the other

hand, employees of the sovereign Commonwealth of Virginia, while held actionable for acts of gross negligence and their intentional torts, were not answerable for their acts of simple negligence if, in the performance of their duties, they were required to exercise substantial discretion and personal judgment, as opposed to performing purely ministerial functions. *Lawhorne* v. *Harlan*, 214 Va. 405, 407 (1973).

In 1980 the Supreme Court of Virginia overruled previous case law, and stated that in order for the court to determine whether a particular state employee will be held liable for his acts of simple negligence, the court must examine the function the employee was performing; the extent of the state's interest and involvement in that function; and whether the use of judgment and discretion was involved in the employee's function. The element of judgment and discretion became only one consideration, and was no longer the determinative factor in deciding that a particular employee enjoyed governmental immunity from suit. *James* v. *Jane*, 221 Va. 43 (1980).

In the 1982 case of *Banks* v. *Sellers*, 224 Va. 168 (1982), the Supreme Court of Virginia held that a division superintendent of schools and a high school principal, who were both employed by the Henrico County School Board, enjoyed governmental immunity from suit in a negligence action. The Court's opinion included a discussion of previous case law outlining the sovereign immunity enjoyed by public employees in the past. The court went on to discuss its recent decision in *James* and set forth the factors enumerated in that case for determining where the lines of immunity should be drawn. *Banks*, 224 Va. at 171. The Court examined the functions of the office of division superintendent in detail and the constitutional and statutory provisions related thereto. It concluded that the division superintendent is a "supervisory official who exercises powers involving a considerable degree of judgment and discretion," and held that he was entitled to sovereign immunity. The court then went on summarily to state that the principal is, for his school, essentially a counterpart of the superintendent. He performs a large number of discretionary and managerial functions in the school and is entitled to immunity. *Banks*, 224 Va. at 173.

As a result of the court's decision in *Banks*, to

determine immunity of employees of school boards one must apply the test set forth in *James*.

Turning now to the case at bar, Defendant, William J. Burkholder's, Plea of Sovereign Immunity and Defendant, Robert Russell's, Plea of Sovereign Immunity are sustained in accordance with the court's ruling in *Banks*. There is insufficient evidence before me at this time to determine whether Defendant, Clifford C. Phillips, is entitled to sovereign immunity. An evidentiary hearing may be scheduled by counsel for determination of this issue.