## CIRCUIT COURT OF CHESTERFIELD COUNTY

ACM Construction
Management Corp.

v.

Chesterfield County
School Board

June 1, 1990

Case No. 89-1034

## By JUDGE WILLIAM R. SHELTON

The Court finds that there is no misjoinder of causes of action. After reviewing § 8.01-272 of the Code of Virginia, Rule 1:4 of the Supreme Court and the case law in Virginia, this Court feels that the plaintiff may bring two separate causes of action where the defendant is the same and the causes of action are of the same nature. Bryson, *Handbook on Virginia Civil Procedure*, p. 208 (2d ed. 1989). The claims that ACM asserts in its motion for judgment are indisputably of the same nature and character and against the same defendant.

The Court is of the opinion that the defendant's argument may more properly be the subject of a motion to sever once discovery is completed.

The School Board in its demurrer argues that ACM's action for quantum meruit, and intentional interference with the contract, and punitive damages therefrom are barred by the doctrine of sovereign immunity. This Court

has carefully considered both the doctrine of sovereign immunity and its application to a school board. A school board is by statute a quasi-corporate body, corporate in some respects and governmental in other respects. Thus, in determining if the doctrine of sovereign immunity applies, the Court must examine the particular cause of action in light of the hybrid nature of the school board.

ACM has as one of its alternate causes of action pleaded "quantum meruit." This Court finds that the action of "quantum meruit" is not barred by sovereign immunity. Section 22.1-71 of the Code of Virginia provides that:

> *School board constitutes body corporate; corporate powers.* -- The duly appointed members shall constitute the school board. Every such school board is declared a body corporate and, in its corporate capacity, is vested with all the powers and charged with all the duties, obligations and responsibilities imposed upon school boards by law and may sue, be sued, contract, be contracted with and, in accordance with the provisions of this title, purchase, take, hold, lease, and convey school property, both real and personal. School board members appointed by district or otherwise shall have no organization or duties except such as may be assigned to them by the school board as a whole (Code 1950, Sections 22-63, 22-94; 1980, c. 559).

From this language, it is clear that the legislature intended for the school board to be a quasi-corporate entity that could contract, be contracted with, and sue and be sued.

This Court feels that the language the legislature used in creating this quasi-corporate body establishes an intent that as well as being able to contract, school boards be subject to the theories and remedies of contract law. An action for quantum meruit is immixed with any contract action and naturally arises therefrom. Quantum meruit as a remedy in contract law should be available against a quasi-corporate body such as the school board. As concerns the area of contract law, the school board

with its power to contract and be contracted with and to sue and be sued must to some extent shed its immunity.

The defendants argue *Hay Associates v. Commonwealth of Virginia* as authority for the position that the action of "quantum meruit" is barred by sovereign immunity. *Hay Associates v. Commonwealth of Virginia*, Circuit Court City of Richmond, LG-649 (1984). The *Hay* case, however, dealt with "quantum meruit" as an action against the Commonwealth, not a school board. This Court feels that there is a distinction to be made between a school board and the Commonwealth. The legislature has established a clear intent that school boards be quasi-corporate bodies that can contract and be contracted with.

ACM has pleaded as a cause of action intentional interference with contract and has as a remedy therefor requested punitive damages. Virginia case law recognizes that school boards are immune from both negligent and intentional torts. *Campbell v. Board of Supervisors of Charlotte County*, 553 F. Supp. 644 (E.D. Va. 1982). While this Court recognizes that the quasi-corporate nature and character of the school board must to a degree limit the application of sovereign immunity, it does not completely waive or erode the school board's sovereign immunity. The action for intentional interference with a contract rests in tort law. Thus, while it does deal with the contract between the parties, it is not inherently intertwined with the right to contract. This Court feels that a quasi-corporate body such as a school board should be divested of its immunity as to suits arising out of the contract and contract law, but it is not divested of its immunity as to actions arising out of tort. As to the action for intentional interference of contract and the request for punitive damages, the doctrine of sovereign immunity still applies and acts to bar the plaintiff's recovery.

ACM argues that a school board is not immune from suit for intentional torts. In support of this act, ACM cites *Hampton Roads Sanitation District v. McDonald*, *Fox v. Deese*, and *Elder v. Holland*. *Hampton Roads Sanitation District v. McDonald*, 234 Va. 235 (1987); *Fox v. Deese*,

234 Va. 412 (1987); *Elder v. Holland*, 208 Va. 15 (1967). However, *Elder* and *Fox* only establish that an employee of a school or school board can be sued for intentional torts when they are acting beyond the scope of their duties. Neither case allows for the school board to be sued for an intentional tort. Under the Bill of complaint before this Court, the action is not against a particular member of the school board; it is against the school board as a whole.

In the *McDonald* case, the Court found that a city Sanitation Department could be sued for property damages because the damage to the citizen's property was a taking without compensation. While the plaintiff in *McDonald* alternatively pleaded both a taking theory and an intentional tort theory, the Court addressed and found for the plaintiff on the basis that the sanitation department's damage to plaintiff's property was a taking for which plaintiff was entitled to compensation. *McDonald*, 234 Va. at 239. In the case before this Court, there is no basis on which to assert that a taking has occurred as was the case in *McDonald*. None of these cases cited by ACM would allow for this court to entertain an intentional tort action or to award punitive damages against the school board.

ACM has represented that the attorney's fees they seek recovery of were those incurred by them in defending the various subcontractor's actions brought about by the school board's intentional interference with the contract. This Court's decision that sovereign immunity bars the claim of intentional interference with contract would also act to bar the recovery of any attorney's fees that arose therefrom.

Finally, the school board argues that ACM is not entitled to relief in the form of consequential and compensatory damages because the plaintiff prayed for it pursuant to Va. Code § 11-62.10 which only allows for relief in the form of recovering finance charges. This Court disagrees with defendant's interpretation of the relief ACM has requested. Pursuant to the two counts for breach of contract, ACM has appropriately requested compensatory and consequential damages. In Count IV, ACM alleges the school board breached the prompt payment statute of Va. Code Section 11-62.10 which allows the plaintiff to collect

finance charges. Under a contract action, plaintiff is entitled to seek compensatory and consequential damages. Section 11-62.10 does not limit that recovery, rather it grants a plaintiff who has not been promptly paid the additional remedy of recovering their finance charges. The school board's demurrer on this point is denied.