## CIRCUIT COURT OF THE CITY OF DANVILLE

Sandra F. Fitzgerald

v.

City of Danville

July 9, 1997

BY JUDGE WILLIAM N. ALEXANDER, II

On February 7, 1995, Plaintiff slipped and fell on debris on the steps of the Danville City Courthouse near the exit of the Danville Juvenile and Domestic Relations District Court. At the time of the fall, she was employed by the Commonwealth of Virginia as a Probation Officer in the Juvenile and Domestic Relations District Court. The City claims Plaintiff's action is barred by the Doctrine of Sovereign Immunity.

Section 15.1-257 of the Code of Virginia provides that:

> The governing body of every County . . . shall provide courthouses with suitable space and facilities to accommodate the various courts and officials thereof serving the . . . city . . . .

This statute specifically imposes upon the City a duty to provide a courthouse, and the City has complied with this statutory directive by providing a courthouse. Providing and maintaining a courthouse is clearly a governmental function, and, as a result, the City of Danville is immune from tort actions arising out of the maintenance of the courthouse. *See Hoggard v. Richmond,* 172 Va. 145, 147 (1939), and *Franklin v. Richlands,* 161 Va. 156 (1933).

The Court having concluded that the City is immune and that Plaintiff's claim is barred under the Doctrine of Sovereign Immunity, it is unnecessary to reach the question of whether or not her claim is barred by the exclusivity provisions of the Virginia Workers' Compensation Act.