# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Ida J. Lewis

v.

City of Charlottesville

November 5, 1998

Case No. 97-21

BY JUDGE EDWARD L. HOGSHIRE

In this personal injury action, Plaintiff Ida J. Lewis alleges that she suffered injuries when she fell coming out of a Charlottesville courthouse the evening of February 21, 1995, after attending a debate between Democratic candidates for the Virginia State Senate. After the filing of the suit, the Defendant City of Charlottesville entered a special plea of sovereign immunity. Therefore, the issue arises as to whether the doctrine of sovereign immunity bars the instant action.

### Statement of Facts

Taking the Plaintiff's allegations as true, the Democratic Committee of the City of Charlottesville reserved the courthouse at 411 East High Street for the purposes of holding a public debate between candidates for the Virginia State Senate. After attending the meeting, Plaintiff left at approximately 9:00 p.m. and exited through the front door. As she left the building, she fell over or off of a ramp, which precipitated her injuries. She alleges that the lighting was insufficient and there were no warning signs to alert her of the ramp.

### Question Presented

In determining whether sovereign immunity is a bar to this action, was the City of Charlottesville performing a governmental or proprietary function in operating the courthouse at the time of Plaintiff's injuries?

## Discussion of Authorities

The starting point for the analysis is to determine whether the operation of the courthouse is a governmental function. The Defendant cites two circuit court opinions holding that providing and maintaining a courthouse is a governmental function. *See, e.g., Miles v. City of Richmond,* 26 Va. Cir. 170 (1991); *Fitzgerald v. City of Danville,* 44 Va. Cir. 10 (1997). Even without these cases, however, it would be difficult to argue that the operation of a courthouse is proprietary because "[w]here a local government exercises powers delegated or imposed, it performs a governmental function." *Edwards v. City of Portsmouth,* 237 Va. 167, 171 (1989). Va. Code Ann. § 15.2-1638 mandates the construction and operation of county and city courthouses.

Therefore, the easy answer is that the operation of the courthouse is governmental. A more difficult question, however, arises based on the facts of this case. The Plaintiff received her injuries while attending a meeting of a non-governmental organization after normal court hours. Thus, Plaintiff argues, at least in that respect, the City was performing proprietary functions. Although it is by no means clear that such conduct constitutes a proprietary function, for the purposes of this opinion, the Court will assume without deciding that such a use is proprietary.

*Taylor v. City of Newport News,* 214 Va. 9 (1973), is an important and oft-cited case in this area. The Virginia Supreme Court held that "where governmental and proprietary functions coincide, the governmental function is the overriding factor." *Id.* at 10. In *Taylor,* the plaintiff argued that although the city was performing a governmental function in collecting garbage, the fact that it left spilled garbage on the sidewalk for fourteen hours implicated the city's proprietary duty to keep the sidewalks clean of debris; therefore, plaintiff's "sole assertion is that by the mere passage of time, the city's function was transformed from governmental to proprietary." *Id.* at 11. The Court rejected that position, noting that "the passage of time had no legal effect on the situation." *Id.*

Lewis appears to be raising a claim analogous to the one in *Taylor.* She argues that the City's role can shift from governmental to proprietary. In support of that claim, she cites *Kellam v. School Bd. of City of Norfolk,* 202 Va. 252 (1960). In *Kellam,* the school board leased the auditorium for non-governmental purposes for a concert. Plaintiff was injured while attending the concert and brought a claim against the school board, which raised the sovereign immunity barrier. The Court observed that school boards "constitute public quasi corporations that exercise limited powers and functions of a

public nature granted to them expressly or by necessary implication, and none other." *Id.* at 254. The Court then turned to the governmental-proprietary issue, and it cited to an A.L.R. annotation which discussed whether various functions and activities held at schools are governmental or proprietary. The A.L.R. annotation seems to leave the door open to hold school boards liable based on proprietary functions when they allow school buildings or facilities to be used for activities that do not promote the cause of public education. *Id.* at 255. Ms. Lewis relies on this principle and asserts that because the courthouse was not being used for court-related functions, the shield of immunity should be lifted.

Although *Kellam* appears to create some tension with *Taylor*, it is important to note that the *Kellam* court upheld the school board's liability and that the Plaintiff has failed to cite any cases where a government entity which is performing a governmental function can be held liable because the action encompasses some proprietary activities. Two other points should be stressed: First, the A.L.R. annotation referred to in *Kellam* refers only to public schools and does not purport to apply the same principles to other governmental functions or entities. Second, the Supreme Court handed down *Taylor* over a decade after *Kellam* and made no reference to the latter case. If the Plaintiff is correct in stretching the *Kellam* analogy to cover her case, then one would have expected the Court to address the issue in some form in *Taylor*.

The Court finds that *Taylor* controls the disposition of this case. The operation of a courthouse is a governmental function, and even if it implicates some proprietary functions, "the government function is the overriding factor." *Taylor*, 214 Va. at 10. Therefore, the Plaintiff cannot avoid the bar of the City's immunity.

### Conclusion

For the reasons described above, the Court finds that the Plaintiff's claim is barred under Virginia's sovereign immunity doctrine and grants the Defendant's Special Plea of Sovereign Immunity.