## CIRCUIT COURT OF THE CITY OF SALEM

Jessica Carr

v.

School Board
of the City of Salem

January 27, 1999

Case No. CL98-125

BY JUDGE ROBERT P. DOHERTY, JR.

Reacting to threats of bodily harm from some of her fellow students, Plaintiff remained home from school because of her fear of being beaten. The school vice principal contacted Plaintiff's mother and encouraged her to return her daughter to school, promising protection. Plaintiff returned to school but did not receive the protection. Instead, she was seriously injured during a violent attack upon her person by certain of the students. Plaintiff has now filed suit, by her next friend, against the school board, the school principal, and the school vice principal, alleging negligent supervision and negligent failure to provide protection. The Defendants claim that they are entirely protected against being sued for any alleged negligence because of the doctrine of sovereign immunity. The Court finds that the Defendants have accurately stated the law of this Commonwealth.

At common law, the king or sovereign was immune from suits at law or at equity based upon the then prevailing argument that the king could do no wrong. The Commonwealth of Virginia adopted this concept but justifies it under a different theory. Quoting from federal precedent almost one hundred years old, the Virginia Supreme Court held in *Hinchey v. Ogden*, 226 Va. 234, 240 (1983), that:

In modern times, it [the doctrine of sovereign immunity] is more often explained as a rule of social policy, which protects the state from

burdensome interference with the performance of its governmental functions and preserves its control over state funds, property, and instrumentalities. The public service might be hindered and the public safety endangered if the supreme authority could be subjected to suit at the instance of every citizen, and consequently controlled in the use and disposition of the means required for the proper administration of the government.

See also *Messina v. Burden*, 228 Va. 301 (1984).

There is nothing fair about the principle that the Commonwealth is immune from lawsuits for its acts of simple negligence when performing its governmental function. The doctrine of sovereign immunity from civil suits causes extreme hardships in individual cases. It is, however, a tenet of our law that the legislature has seen fit to preserve. The statutorily-enacted exceptions to this concept do not apply in this case.

"The basis for a school board's immunity from liability for tortious injury has been generally found in the fact that it is a governmental agency or arm of the state and acts in a governmental capacity in the performance of its duties imposed by law." *Kellam v. School Board of the City of Norfolk*, 202 Va. 252, 254 (1960). Thus the School Board of the City of Salem is immune from tort liability in this case. High school principals and vice principals are employees of the school board, an immune state entity, and they exercise "a large number of discretionary and managerial functions in the school . . ." in the performance of a governmental function. *Banks v. Sellers*, 224 Va. 168, 173 (1982). Accordingly, they also are protected by the envelope of sovereign immunity from tort liability, in this case, for their alleged acts of simple negligence.

For the reasons stated herein, Defendants' demurrer is sustained, and the case is dismissed.