## CIRCUIT COURT OF FAIRFAX COUNTY

Croghan

v.

Fairfax County
School Board

May 22, 2002

Case No. (Law) 202460

BY JUDGE M. LANGHORNE KEITH

On April 19, 2002, the Court heard argument on Defendant Fairfax County School Board's Demurrer to Plaintiff's motion for judgment. At the request of the Court, supplemental briefs were filed by each party following the hearing. As this case is before the Court on a demurrer, the facts are taken as alleged in the motion for judgment with all reasonable inferences taken in a light most favorable to Plaintiff. *See, e.g., CaterCorp, Inc. v. Catering, Inc.,* 246 Va. 22, 431 S.E.2d 277 (1993).

Plaintiff, whose birthday is March 7, 1982, filed this lawsuit on March 7, 2002, alleging injuries sustained in 1993 when he was in elementary school. Plaintiff alleges that his fifth grade teacher supervised several students as they "threw" Plaintiff onto a hard surface as part of the rehearsal of a school play. Plaintiff sustained a blow to the head which knocked him unconscious and necessitated his hospitalization.

Plaintiff alleges that, following the incident, his academic performance declined and he suffered damages in the form of a permanent decrease in mental capacity. Plaintiff asserts a claim of gross negligence on the part of the supervising teacher as well as the School Board through the doctrine of respondent superior. However, Plaintiff only names the School Board as a defendant. Plaintiff alleges that the School Board owed a duty to him to ensure his safety. The School Board breached that duty through the supervising teacher's conduct in allowing other students to throw Plaintiff onto a hard surface.

The School Board's Demurrer does not challenge Plaintiff's claim as lacking sufficient factual allegations to pursue the legal relief that is being sought. Rather, the School Board's pleadings attempt to bar Plaintiff's claim based on the doctrine of sovereign immunity. Therefore, the only issue to be decided is whether a school board enjoys absolute immunity against tort claims.

The School Board argues that it is an instrumentality of the Commonwealth and is therefore entitled to absolute immunity against tort claims. The School Board points out that some of the individual employees of the School Board enjoy only a qualified form of immunity. However, as the School Board's immunity is absolute, it cannot be liable for the torts of its employees unless there is a statutory provision that waives immunity.

Plaintiff's motion for judgment alleges gross negligence and imputes liability to the School Board under the doctrine of respondent superior. For the first time in his supplemental brief, Plaintiff argues that any immunity enjoyed by the School Board has been waived by the Virginia Tort Claims Act. See Va. Code Ann. § 8.01-195.1 (Repl. Vol. 2000). For the following reasons the School Board's Demurrer is sustained.

Virginia has long recognized and applied the doctrine of sovereign immunity for the state and its governmental agencies that negligently cause personal injuries while acting in a governmental capacity. See *Kellam v. School Bd. of Norfolk*, 202 Va. 252, 254, 117 S.E.2d 96 (1960). This immunity applies to a school board as "it is a governmental agency or arm of the state and acts in a governmental capacity in the performance of its duties imposed by law." *Id.* Other state and federal courts have followed the rationale from *Kellam* in holding that school boards are immune from tort liability. *See B.M.H. v. School Bd. of Chesapeake*, 833 F. Supp. 560, 573 (E.D. Va. 1993) (dismissing claims of simple and gross negligence alleged against a school board based on the doctrine of sovereign immunity); *ACM Constr. Mgmt. Corp. v. Chesterfield County Sch. Bd.*, 21 Va. Cir. 125, 127 (Chesterfield 1990) (sustaining a school board's demurrer to the intentional tort of interference of contract as barred by the doctrine of sovereign immunity).

Furthermore, the immunity shared by the state and its agencies (including school boards) is absolute and applies as a bar to liability whether the degree of alleged negligence is simple or gross. *See Kellam*, 202 Va. at 258-59; *see also Taylor v. City of Charlottesville*, 240 Va. 367, 374, 397 S.E.2d 832 (1990). Consequently, the School Board cannot be liable under a negligence theory absent a statutory waiver of immunity. *See, e.g.,*

*Baumgardner v. Southwestern Va. Mental Health Inst.*, 247 Va. 486, 490, 442 S.E.2d 400 (1994). The Virginia Tort Claims Act does not waive this immunity because school boards are specifically excluded from the Act's waiver of immunity. See Va. Code Ann. § 8.01-195.2 (Repl. Vol. 2000).

Employees of the state or a governmental agency such as a school board enjoy a qualified form of immunity that only shields them from individual liability for simple acts of negligence. *See Lentz v. Morris*, 236 Va. 78, 82, 372 S.E.2d 608 (1988); *see also James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864 (1980) (noting the distinction between absolute state immunity and qualified employee immunity). However, the issue of employee liability is not before this Court because no school employees were named in the lawsuit.

The School Board's demurrer to Plaintiff's motion for judgment is sustained without leave to amend, and this case shall be dismissed.