## Richmond

LAKE GEORGE CORPORATION v. PATRICK L. STANDING, DIRECTOR, ETC., ET AL.

April 26, 1971.

Record No. 7395.

Present, All the Justices.

*Frank E. Butler, III* (*Ansell, Butler and Canada,* on brief), for plaintiff in error.

*Grover C. Wright, Jr.* (*Caton & Wright,* on brief), for defendants in error.

I'ANSON, J., delivered the opinion of the court.

This is an appeal by Lake George Corporation (Lake George) challenging an order of the court below holding that the Board of Zoning Appeals of the City of Virginia Beach (Board) did not have the power or jurisdiction to hear an original application for a variance from the terms of the City's zoning ordinance.

Lake George owns twelve parcels of unplatted land in the City of Virginia Beach. Each parcel is 100 feet wide and 300 feet long, and lies along and is contiguous to the western end of twelve blocks of land shown on the "Plat of Cape Henry Syndicate." The lands of Lake George and that shown on the Plat of Cape Henry Syndicate are situated in the RD-2 zoning district, which requires that each lot have a 75-foot frontage on the street and 10,000 square feet of

land area. However, the lots shown on the Plat of Cape Henry Syndicate are nonconforming to the zoning and they have a 50-foot frontage and a land area of 7,500 square feet.

Lake George desires to develop each of its twelve unplatted parcels into four lots with 50-foot street frontage and 7,500 square feet land area, thereby making these lots conform with the sizes of adjoining lots on the Plat of Cape Henry Syndicate. Through its officers, Lake George requested Mr. John Gibbs, the building inspector and zoning administrator of the City, to issue four building permits for each of its twelve parcels. Gibbs denied the request.

Thereafter Lake George filed an original application with the Board for a variance from the requirements of the zoning ordinance. After a hearing the Board granted the variance.

Upon the petition[1] of Patrick L. Standing, director of planning for the City, and 125 interested landowners, certiorari was granted by the court below to review the decision of the Board. After a consideration of the pleadings, evidence and exhibits, the court held that under the provisions of Code § 15.1-495 the Board had no jurisdiction to act upon an application for a variance except upon an appeal "from a prior adverse action or decision of the Building Inspector or Zoning Department Officer," and that the Board's decision to grant the variance was null and void.

Lake George, by counsel, says that the provisions of Code § 15.1-495 (b) confer upon the Board original jurisdiction to grant a variance from the terms of the zoning ordinance when, owing to special conditions, a literal enforcement of its provisions would result in unnecessary hardship. Council argues that the language of the statute refers to an appeal from the terms of an ordinance, not to an appeal from a determination of the building inspector and zoning administrator.

The pertinent part of Code § 15.1-495 reads as follows:

"Boards of Zoning Appeals shall have the following powers and duties:

\* \* \* \* \*

"(b) To authorize *upon appeal in specific cases such variance from the terms of the ordinance* as will not be contrary to the public interest, when, owing to special conditions a literal enforcement of the provisions will result in unnecessary hardship; provided that

---

1. Code § 15.1-497.

the spirit of the ordinance shall be observed * * *."
(Emphasis added.)

The Board is a creature of statute possessing only those powers expressly conferred upon it.

Under the terms of the statute quoted above the Board has jurisdiction to grant a variance *only* upon an appeal from a prior decision of a zoning officer. The statute does not confer upon the Board original jurisdiction to entertain an appeal from the terms of the zoning ordinance.

For decisions from other states construing similar stautory provisions, see *Mamaroneck Commodore, Inc.* v. *Bayly*, 260 N.Y. 528, 184 N.E. 79 (1932); *Kelley* v. *Board of Zoning Appeals*, 126 Conn. 648, 13 A.2d 675 (1940); *Lukens* v. *Zoning Board of Adjustments of Ridley TP.*, 367 Pa. 608, 80 A.2d 765, 766-67 (1951). See also *Noonan* v. *Zoning Bd. of Review of Town of Barrington*, 90 R.I. 466, 159 A.2d 606 (1960).

In the present case the proceeding before the Board was on an original petition filed by Lake George and not on an appeal from a prior order or decision. Since the procedure prescribed by statute was not followed, the Board was without power and jurisdiction to entertain the application for a variance. Thus the decision of the Board was null and void.

For the reasons stated, the judgment of the court below is

*Affirmed.*