## Richmond

### BOARD OF ZONING APPEALS OF FAIRFAX COUNTY V. CEDAR KNOLL, INC., ET AL.

March 4, 1977.

Record No. 751280.

Present, All the Justices.

*David T. Stitt, Assistant County Attorney (Frederic Lee Ruck, County Attorney,* on briefs), for plaintiff in error.

*Betty A. Thompson,* for defendants in error.

COCHRAN, J., delivered the opinion of the court.

In this appeal the significant question presented is whether the Board of Zoning Appeals of Fairfax County (Board) had original jurisdiction to revoke a special use permit which it had granted.

The Board approved a permit in 1941 for the operation of a "tea room" on land in Fairfax County zoned for residential use. The permit contained no restrictions, conditions, or termination date. In 1970, the land and the business operated thereon

pursuant to the permit as Cedar Knoll Inn, were acquired by Cedar Knoll Inn, Inc. (Cedar Knoll), a corporation whose capital stock was wholly owned by Raj K. and Theodora Mallick. When Cedar Knoll began to make improvements and renovations it was informed by County officials that enlargement of the existing structure would be permitted only for alterations required to meet safety or health standards and that the use for which the original permit had been granted could not be expanded without the prior approval of the Board. There ensued over an extended period of time a series of confrontations and arguments between County officials and the owners of Cedar Knoll concerning alleged violations by Cedar Knoll of various County ordinances.

On January 17, 1973, William J. Barry, Senior Zoning Inspector, submitted to the Board a memorandum in which he listed numerous alleged infractions committed by Cedar Knoll, including the expansion of its business to include a dinner theater, and recorded his efforts to obtain compliance with County ordinances. The attitude of Cedar Knoll's owners, as described by Barry, was reflected in "broken promises", "creeping expansion", and "disregard for the county code". Accordingly, in his memorandum Barry requested the Board, in the public interest, to "instigate action" to revoke Cedar Knoll's special use permit. On the same day that Barry's report was received the Board adopted a resolution revoking the permit, effective ten days after receipt of the notice of revocation.[1] Cedar Knoll's request for a hearing was granted, and it was permitted to continue the operation of its business pending a final decision. On July 11, 1973, the Board approved a resolution, clarified and approved again on July 18, 1973, containing findings of fact and imposing conditions which Cedar Knoll had to meet within 90 days to prevent the revocation of the permit from becoming final.

---

[1] The Fairfax County Code § 30-6.7.1.2 (1965) provided in pertinent part as follows:
"Unless a time limit is specified for a permit, the same shall be valid for an indefinite period of time but shall be revocable on the order of the board at any time on the failure of the owner or operator of the use . . . to observe all requirements of law . . . and all conditions in connection with the permit . . . . Before revoking any permit, however, the board shall give the holder thereof at least ten days' written notice of violation. If within such ten days the permit holder so requests, the board shall hold a hearing on the revocation . . . ."

On petition filed by the owners of Cedar Knoll pursuant to Code § 15.1-497 (Repl. Vol. 1973), the trial court granted certiorari to review the Board's action. Following an evidentiary hearing the court in a letter opinion ruled that there was nothing in the enabling statute, Code § 15.1-495 (Repl. Vol. 1973),[2] to authorize the Board to revoke the use permit "in the manner and mode it used in this case", action which the court stated was "tantamount to exercising original jurisdiction". By final order entered June 26, 1975, which the Board has appealed, the court ruled that the Board's conditional revocation of the permit was null and void. In the same order the court substituted Cedar Knoll for its owners, the Mallicks, the named petitioners in the proceeding.

The Board argues that, although Code § 15.1-495(c) does not expressly authorize it to revoke a special use permit which it has granted, such power may necessarily or fairly be implied. The Board maintains that, as Code § 15.1-491(d) (Repl. Vol. 1973)[3] does not expressly grant such power to the Zoning Administrator, it is more logical to imply that the Board, which may grant and condition the permit, has the power of revocation than to imply that the Zoning Administrator has such power. We do not agree that the Board had such power.

---

[2] "§ 15.1-495. Powers and duties of board of zoning appeals. — Boards of zoning appeals shall have the following powers and duties:

"(a) To hear and decide appeals from any order, requirement, decision or determination made by an administrative officer in the administration or enforcement of this article or of any ordinance adopted pursuant thereto;

. . .

"(c) To hear and decide appeals from the decision of the zoning administrator or applications for such special exceptions as may be authorized in the [zoning] ordinance. The board may impose such conditions relating to the use for which a permit is granted as it may deem necessary in the public interest and may require a guarantee or bond to insure that the conditions imposed are being and will continue to be complied with.

. . . ."

[3] "§ 15.1-491. Permitted provisions in ordinances; amendments. — A zoning ordinance may include, among other things, reasonable regulations and provisions as to any or all of the following matters:

. . .

"(d) For the administration and enforcement of the ordinance including the appointment or designation of a zoning administrator. . . : The zoning administrator shall have all necessary authority on behalf of the governing body to administer and enforce the zoning ordinance, including the ordering in writing of the remedying of any condition found in violation of the ordinance, and the bringing of legal action to insure compliance with the ordinance, including injunction, abatement, or other appropriate action or proceeding.

. . . ."

The cases cited by the Board from California, New York, and Wisconsin, which hold that the power to license includes by implication the power to revoke, deal with local governing bodies rather than boards of zoning appeals. As to boards of supervisors, we have recently held, as a corollary to Dillon's Rule, still in effect in Virginia, that they have only those powers conferred upon them expressly or by necessary implication. *Bd. of Supervisors* v. *Horne*, 216 Va. 113, 117, 215 S.E.2d 453, 455 (1975). *See Commonwealth of Virginia* v. *County Board of Arlington County*, 217 Va. 558, 572, 232 S.E.2d 30, 39 (1977). And local school boards, which constitute public quasi corporations, are subject to the same rule. *Kellam* v. *School Board*, 202 Va. 252, 254, 117 S.E.2d 96, 98 (1960).

We have not altered or modified, however, the rule of stricter construction applied to boards of zoning appeals in *Lake George* v. *Standing*, 211 Va. 733, 180 S.E.2d 522 (1971), where we said that such boards are creatures of statute possessing only those powers expressly conferred. In that case, where Code § 15.1-495(b) gave express authority to the board of zoning appeals to exercise appellate jurisdiction over applications for variances, we held that it could not be implied that the board had original jurisdiction to grant variances.[4] The same reasoning is applicable in the present case, where original jurisdiction is expressly conferred by statute upon boards of zoning appeals to grant special use permits,[5] in the absence of the reservation of this right by the county's governing body,[6] but no express statutory provision is made for revocation of such permits. Consistent with this rule, moreover, § 30-6.4 of the Fairfax County Code requires that all provisions of the chapter relating to the Board "shall be strictly construed".

The issuance of a special use permit is purely a legislative function delegated to the board of zoning appeals and revocable by the board of supervisors by ordinance at any time. *Civic Assoc.* v. *Chesterfield County*, 215 Va. 399, 401-02, 209 S.E.2d 925, 927 (1974). As the trial court decided and the Board concedes, the

[4] We note with interest that Code § 15.1-495(b) was amended in 1975 to authorize boards of zoning appeals to grant variances upon "original application" as well as upon appeal. Acts 1975, c. 521. The effect of this amendment was to confer expressly the authority which we held in *Lake George* v. *Standing, supra*, could not be implied.

[5] Code § 15.1-495(c) (Repl. Vol. 1973), *supra* note 2.

[6] Code § 15.1-491(c) (Repl. Vol. 1973).

Cedar Knoll permit, once granted, had the force and effect of an ordinance. Therefore, the permit was enforceable by the Zoning Administrator under the enabling provisions of Code § 15.1-491 (Repl. Vol. 1973).

The trial court did not decide, nor does Cedar Knoll contend, that the Board was powerless to revoke a special use permit. The court decided that the Board had no authority to exercise original jurisdiction to revoke such a permit and that the Zoning Administrator, rather than the Board, had the authority and duty to administer and enforce the permit as a part of the zoning ordinance. The court also stated in its letter opinion that if the General Assembly had intended the Board to have administrative and enforcement powers over the zoning laws it could have expressly so provided. We agree with these conclusions.

■ There is no merit in the Board's alternative argument that it exercised only appellate jurisdiction in this revocation proceeding. The Zoning Administrator made no determination or ruling from which Cedar Knoll could have appealed. In his memorandum, a copy of which he directed to each of six county officers but not to Cedar Knoll or its owners, he took no action against Cedar Knoll, but merely requested the Board to act.[7] The Board promptly adopted a resolution revoking the Cedar Knoll permit, effective at a later date, subject to Cedar Knoll's right to appeal the revocation to the Board. Thus, the Board exercised appellate jurisdiction only to the extent of conducting a hearing at Cedar Knoll's request to review and reconsider the revocation previously initiated and tentatively approved by the Board.

For the reasons assigned, we hold that there was no reversible error in the ruling of the trial court, and the judgment will be

*Affirmed.*

---

[7] Because the question is not presented by this appeal, we do not decide whether the Zoning Administrator had the authority to revoke the permit.