## CIRCUIT COURT OF CHESTERFIELD COUNTY

Lawless

v.

Board of Supervisors
of Chesterfield County

November 1, 1989

Case No. (Chancery) CH89-448

By JUDGE WILLIAM R. SHELTON

On September 1, 1989, counsel presented argument in regard to respondent's demurrer. Memoranda submitted by the parties have also been reviewed. The Court finds that the demurrer should be granted and the bill of particulars denied.

Pursuant to § 8.01-273 of the Virginia Code, "the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer." A demurrer admits the truth of all material facts properly pled. Under this rule, "the facts submitted are: (1) facts expressly alleged, (2) facts which are by fair intendment impliedly alleged, (3) facts which may be fairly and justly inferred from the facts alleged." *Duggin v. Adams*, 234 Va. 221, 223 (1987), citing *Ames v. American National Bank*, 163 Va. 137 (1934). Upon a demurrer to a complaint, "only the complaint itself, together with the exhibits filed with it, can be looked to in order to ascertain its sufficiency." 6A M.J. *Demurrers*, § 26, citing *Lister*

*v. Virginia National Bank*, 209 Va. 739 (1969). Pleadings other than the complaint are not considered. *Basic Construction Company v. Community Hospital*, 213 Va. 587 (1973).

Plaintiff seeks declaratory judgment and injunctive relief pursuant to the provisions of the Virginia Declaratory Judgment Act, Virginia Code § 8.01-184. This is a summary of the facts which for the purpose of the demurrer are admitted as true. On or about April 12, 1984, Mr. Lawless was issued a solid waste management permit by the Department of Waste Management to operate a debris waste landfill. The state permit authorized Mr. Lawless' landfill to receive construction waste, demolition waste, brush, tree trimmings, stumps and inert waste. On July 25, 1984, the Board of Supervisors of Chesterfield County granted Mr. Lawless a conditional use for the property authorizing a landfill for a period of five years. The conditional use prohibited the acceptance of certain wastes that the state permit had allowed. Particularly, the conditional use allowed the dumping of stumps, brush, and dirt only. During an inspection of the landfill in November of 1988, Mr. Lawless was found in violation of the conditional use, although he was within the uses authorized by the state permit. In March of 1989, the Board of Supervisors revoked the conditional use granted in 1984 and ordered that all landfill activity in the property terminate immediately. In addition to the revocation, the Board set out requirements for closure of the facility that the plaintiff was to meet.

From these facts, plaintiff alleges that the Board of Supervisors did not have express authority to revoke the conditional use permit and, therefore, the Board's action was in violation of Dillon's Rule and *ultra vires*. Furthermore, because the County is preempted from issuing a conditional use permit to the plaintiff, the State Department of Waste Management has adopted comprehensive solid waste management regulations. And finally, that the requirements the Board imposed to ensure proper closing of the facility were unreasonable, excessive, and impossible for Mr. Lawless to meet.

The County has demurred on several grounds. First, the County argues that Mr. Jacobson, the County Director of Planning, is an unnecessary party defendant and should therefore be dismissed. Second, the County asserts that the law is insufficient to support the plaintiff's conten-

tions that the Waste Management Act preempted the County from issuing a conditional use permit and that the Board of Supervisors lacked authority to revoke the conditional use permit. And finally, the County urges the Court to grant its request for a Bill of Particulars as regards the plaintiff's allegation that the shutdown requirements the County imposed were unreasonable.

On the County's first grounds of demurrer, the Court finds that Mr. Jacobson, the Director of Planning, is an unnecessary party and should be dismissed. A proper party defendant "must have some interest or liability in the subject matter." *Norfolk & W. R. Company v. Obenchain*, 107 Va. 596 (1907). *See, generally*, 14A M.J., *Parties*, § 6; W. H. Bryson, *Virginia Civil Procedure*, 147 (2d Ed. 1989). A demurrer is properly sustained as to a defendant who is not alleged to have impaired a right, or whose rights are not involved, or against whom no relief is requested. *Norfolk & W. R. Company*, 107 Va. 596.

The rights allegedly impaired and the relief sought by the plaintiff is directed at the Board of Supervisors actions, not Mr. Jacobson. It appears that Mr. Jacobson is being sued to ensure that he will abide by any ruling of the Court. As an agent of the Board, Mr. Jacobson is charged to act in conformance with the directives of the Board and by law must comply with any orders of the Court. Thus, he is an unnecessary party to this action.

On the plaintiff's allegation that the County is preempted by the State Waste Management Act from issuing a conditional use permit more restrictive than the permit the state issued, the Court finds that the defendant's demurrer should be sustained.

The General Assembly has conferred certain responsibilities in the area of waste management on local governments. Virginia Code § 15.1-857 grants to localities and towns the authority to regulate the manner in which solid waste facilities are operated and maintained. Va. Code § 15.1-857 (1989).[1] Section 15.1-522 grants this same power and au-

---

[1] Section 15.1-857. Garbage and refuse disposal. -- A municipal corporation may collect and dispose of garbage and other refuse; may regulate and inspect incinerators, dumps, and other places and facilities for the disposal of garbage and other refuse and the manner in which such incinerators, dumps, places, and

thority to each county's Board of Supervisors. Va. Code Section 15.1-522 (1989). Furthermore, the legislature has requested County governments to develop and implement comprehensive regional solid waste management plans and facility siting approval plans. Va. Code Sections 10.1-1411 and 15.1-1102 (1989). Also, Virginia Code § 15.1-491 gives local governments the authority to issue special exception or conditional use permits for sites such as landfills which are so unique they must be zoned for on a case-by-case basis. Va. Code § 15.1-491 (1989).

The General Assembly has also enacted the Waste Management Act which delegated to the Department of Waste the responsibility for regulating and managing waste in Virginia. Va. Code §§ 10.1-1400 to 10.1-1457 (1989). But the fact that the state has empowered the Department of Waste Management to issue permits for the operation of landfills does not establish a clear intent to preempt the County's authority to zone by conditional use permits. There is no provision in the Virginia Waste Management Act which expressly preempts local government from *regulating* the use of land for landfill activities. Virginia Code Section 10.1-1400 (1989). Rather, Virginia Code Section 10.1-1408(B) states that:

> No application for a permit for a solid waste management facility shall be considered complete unless the applicant has provided the Director with certification from the governing body of the county, city, or town in which the facility is to be located that the location and operation of the facility is consistent with all applicable ordinances.

Virginia Code § 10.1-1408(B). Also, the permit issued to Mr. Lawless by the Department of Waste Management states "[s]hould Chesterfield County close this facility because of failure to comply with local ordinances or for any

facilities are operated or maintained; and without liability to the owner thereof, may prevent the use thereof for such purposes when they contribute or are likely to contribute to the contraction or spread of infectious, contagious, or dangerous diseases. (Code 1950, Section 15-77.21; 1958, c. 328; 1962, c. 623.)

other reasons, this permit shall become null and void."
It is apparent from these provisions that the Waste Management Act does not pre-empt the County from regulating land use where solid landfills are concerned but instead recognizes and provides for a localities authority to regulate land use.

The power to regulate solid waste in Virginia is possessed by both the Department of Waste and local governments. Where, as in this case, two bodies of law are promulgated by the same legislature and they deal with the same subject matter, effect should be given to both by harmonization. In *King v. County of Arlington*, the Court stated that "If both the statute and the ordinance can stand together and be given effect, it is the duty of the courts to harmonize them and not nullify the ordinance." *King v. County of Arlington*, 195 Va. 1084, 81 S.E.2d 587 (1954). This does not mean that all local ordinances governing solid waste are valid, but in the case at hand, the Waste Management Act in § 10.1-1408(B)[2] clearly recognizes and incorporates local government's authority to regulate land use by conditional use permits where solid waste landfills are concerned.

The plaintiff alleges that the Board of Supervisors was beyond its scope of authority when it exercised original jurisdiction in revoking the conditional use permit because such authority lies with the Zoning Administrator. Virginia Code § 15.1-491 establishes that conditional use permits are a permissible form of zoning ordinances. Subsection (c) empowers local governing bodies to issue conditional use permits and to either grant this power to another body or to reserve this power unto themselves. Subsection (d) establishes that the Zoning Administrator shall have the authority to administer and enforce the zoning ordinance. Virginia Code § 15.1-491 (1989). The Virginia Supreme

---

[2] B. No application for a permit for a solid waste management facility shall be considered complete unless the applicant has provided the Director with certification from the governing body of the county, city, or town in which the facility is to be located that the location and operation of the facility are consistent with all applicable ordinances. The governing body shall inform the applicant and the Department of the facility's compliance or noncompliance not more than 120 days from receipt of a request from the applicant.

Court, in *Board of Zoning Appeals of Fairfax County v. Cedar Knoll, Inc.*, 217 Va. 740, 232 S.E.2d 767 (1977), considered the issue of who has the authority to revoke a conditional use permit. In *Cedar Knoll*, the Board of Zoning Appeals (BZA) revoked a conditional use permit due to alleged violations. The BZA claimed that although the enabling statute did not expressly authorize it to revoke a conditional use permit which it had granted, such power was necessarily implied. The BZA argued that since Virginia Code § 15.1-491(d) does not expressly grant such power to the Zoning Administrator, it should by logic be implied to the BZA, who has the power to grant the conditional use. The Supreme Court found that the BZA had no authority to exercise original jurisdiction to revoke a conditional use permit. *Cedar Knoll*, 217 Va. 740, 232 S.E.2d 767 (1977). However, the Supreme Court noted that the trial court did not decide nor did Cedar Knoll contend that the BZA was powerless to revoke a special use permit. *Id.* at 744. Rather, there was no express grant of authority for the BZA to exercise original jurisdiction in revoking a conditional use permit and such could not be implied merely because the BZA had been expressly delegated the authority to issue conditional use permits.

The decision in *Cedar Knoll* should be distinguished from the case presently before this Court. Chesterfield County Code § 21-35.1(i) expressly sets out that a conditional use permit shall be revokable by the Board of Supervisors. Thus, unlike *Cedar Knoll*, where the BZA was trying to exercise implied authority to revoke the conditional use permit, in this case the Board of Supervisors, pursuant to the County Code, has express authority to revoke a conditional use permit. Furthermore, the Board of Supervisors' authority to revoke a conditional use permit does not appear to violate Virginia Code § 15.1-591. The preamble to § 15.1-591 sets out provisions which a zoning ordinance *may* include. Subsection (c) allows for the county to issue conditional use permits, and subsection (d) makes it possible for the county to empower the Zoning Administrator with the authority to enforce and regulate these zoning ordinances. The language in the preamble to § 15.1-591 is not that the county "shall" include the following provision but that the county "may" include the following provisions, one of which gives the

Zoning Administrator the authority to enforce. Thus, in this case, the County Code expressly provides the Board of Supervisors with the authority to revoke conditional use permits which does not violate the language in Virginia Code § 15.1-491 and distinguishes it from *Cedar Knoll.* The defendant's demurrer is sustained.

The plaintiff has set out the requirements imposed by the County and has alleged that these shutdown requirements are unreasonably burdensome. In response to this, the defendant requests a Bill of Particulars. The Court denies this request upon a finding that the plaintiff's Bill of Complaint sets forth sufficient facts.