# CIRCUIT COURT OF FAIRFAX COUNTY

Zoning Appeals Board
of Fairfax County

      v.

Fairfax County
Board of Supervisors

March 28, 2007

Case No. (Law) 2006-11777

BY JUDGE R. TERRENCE NEY

This matter came before the Court on Defendant Board of Supervisors of Fairfax County, Virginia's ("The Board") Demurrer to the Complaint. After consideration of the memoranda submitted by the parties and oral argument at the hearing, the court took the matter under advisement.

*Facts*

On October 18, 2004, The Fairfax County Executive sent a letter to the Plaintiff Board of Zoning Appeals of Fairfax County ("BZA") which advised the BZA that the Board would no longer pay for private legal counsel to represent the BZA and would no longer permit the County Attorney or his staff to represent the BZA, except in limited circumstances including when the BZA allegedly violated the Virginia Freedom of Information Act or when members of the BZA are sued individually in their official capacities. Complaint, at 2. In a subsequent letter dated March 21, 2005, the BZA was informed that "[i]n no event is the BZA authorized to hire private legal counsel to act in a capacity that is adverse to the interests of the Board of Supervisors of Fairfax County or the Zoning Administrator of Fairfax County." Complaint, at 3.

As a result, the BZA filed this declaratory judgment action praying for "a binding adjudication that the BZA is entitled to have the Board of Supervisors appropriate and pay reasonably sufficient sums for counsel of the BZA's choosing and to meet the BZA's reasonable litigation expenses when the BZA is made a party defendant in § 15.2-2314 certiorari proceedings or in any litigation arising from the BZA's performance of its public functions." Complaint, at 8. The BZA argued that, for at least twenty-seven years prior to the first letter, the County Attorney or outside counsel defended the BZA's decisions — at County expense — when those decisions were challenged in certiorari proceedings. Complaint, at 3.

In addition, the BZA raised a second issue in its declaratory judgment action. The BZA asked the court to declare that the Fairfax County Circuit Court may lawfully exercise its right to appoint BZA members without Board of Supervisors' approval of persons appointed. The BZA had also previously asked that the Fairfax County Circuit Court judges recuse themselves from deciding this issue, but that motion was denied in a letter opinion issued by Judge Bellows on December 20, 2006.

The Board of Supervisors filed a demurrer to both counts of the declaratory judgment.

*Analysis*

The Virginia statute which governs the powers and duties of Boards of Zoning Appeals is § 15.2-2309. The Virginia Supreme Court has stated that "[t]he Board [of Zoning Appeals] is a creature of statute possessing only those powers expressly conferred upon it." *Lake George Corp. v. Standing,* 211 Va. 733, 735, 180 S.E.2d 522, 523 (1971) (decided under the previous Virginia Code § 15.1-495 and holding that the BZA was without power and jurisdiction to entertain an original application from a party for a variance). There is no statutory authority granting the BZA the power to sue or be sued.

The BZA argued that various other statutes grant the BZA unique rights and responsibilities which illustrate the intent of the General Assembly to confer upon the BZA the right to sue and be sued, for example, § 15.2-2314, which provides that decisions from the BZA on appeal to the circuit court may not be stayed unless the appellant gives notice to the BZA; that *any party* may introduce evidence at certiorari hearings to the circuit court; that, in certiorari reviews, a circuit court may make a finding of bad faith and/or malice against

the BZA; and that the BZA may request a hearing to determine if a challenge to its decision was frivolous. Virginia Code Ann. § 15.2-2314. All of these provisions, the BZA argues, suggest that the BZA has the right to take part in a review of its own decisions.

Notwithstanding these provisions, however, this Court does not find that the General Assembly has granted the BZA standing to institute *on its own behalf* any litigation whatsoever. That includes this litigation.

In addition, this Court rejects the BZA's argument that, under Dillon's Rule, the BZA has the right to choose the method of implementing its express powers. Memorandum in Opposition to the Board's Demurrer, at 9. In *Board of Zoning Appeals v. Cedar Knoll*, the Virginia Supreme Court expressly held that, although boards of supervisors and school boards enjoy "those powers conferred upon them expressly or by necessary implication," a BZA enjoys "only those powers expressly conferred." *Id.*, 217 Va. 740, 743, 232 S.E.2d 767, 769 (1977).

As a result, this Court finds that the Board of Zoning Appeals of Fairfax County is a creature of Virginia statute and that there is no specific statutory authority permitting the Board of Zoning Appeals to bring this or any suit. Simply put, the Board of Zoning Appeals is without standing to proceed. That being so, the merits of the second prayer for relief need not be addressed.

For these reasons, the Board's Demurrer to the Complaint is sustained. The BZA lacks authority to bring either count, and this case is dismissed as final.